IN UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION

FILED
JUN 18 2002
UNITED STATES DISTRICT
NORTHERN DISTRICT OF ALA

| | |
|---|---|
| DONNA M. FOSTER, <br> Plaintiff | ) <br> ) <br> ) |
| VS. | ) CASE NO.: CV-00-C-1866-W <br> ) |
| NEUROLOGY CLINIC, P.C., <br> Defendant. | ) <br> ) <br> ) |

## DEFENDANT'S MOTION IN LIMINE

COMES NOW the Defendant, by and through undersigned counsel of record, and hereby files and serves the following Motion in Limine. The sole claim remaining in this case is an alleged "wrongful termination" in July 1999. Defendant respectfully moves the Court to exclude from trial of this case any testimony, evidence and/or commentary or argument by Plaintiff or her attorney(s) regarding the following, to wit:

**1. The 1998 incident when Plaintiff overheard a co-worker use a racial epithet.**

In or around 1998 Plaintiff overheard a co-worker use a racial slur while that co-worker was talking on the telephone. Plaintiff told and/or otherwise complained to her supervisor, Dr. Todorov, about the incident. Remedial action was taken and such an incident never occurred or was mentioned again. [*See, e.g.,* Defendant's Exhibit 3 of its Motion for Summary Judgment, Pages 6-7 -- Plaintiff's Response to Defendant's Interrogatory No. 7].

This isolated incident occurred approximately one (1) year prior to Plaintiff's being terminated from Defendant Neurology Clinic. Plaintiff admits that her co-worker, Margaret Scofield "looked surprised," when she said the slur while talking on the phone and turned around to see Plaintiff had walked into the room. Ms. Scofield was never a supervisor of Plaintiff's.

Rule 401 of the Federal Rules of Evidence states that *"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

ENTERED
JUN 19 2002

GRANTED IN PART
6/18/02